The Honorable Tim Wooldridge State Senator P.O. Box 339 Paragould, AR 72451
Dear Senator Wooldridge:
This is in response to your request for an opinion on the following question:
 What is the procedure for forcing the collection of unpaid assessments in a fire improvement district?
RESPONSE
The answer to this question will depend upon the particular type of fire improvement district at issue, and the precise authority under which the district operates. While I cannot offer a conclusive response in the absence of this information, I will review the potentially applicable Code provisions. Additionally, I strongly encourage the district to seek the advice of local counsel to ensure that it is following the appropriate procedures.
It must be initially noted that there are a number of ways fire protection entities are organized under state law. Your reference to a "fire improvement district" narrows the scope somewhat, and leads me to assume that your inquiry focuses on either a so-called "fire protection improvement district" (A.C.A. §§ 14-284-101 et seq.), a suburban improvement district (A.C.A. § 14-92-201 et seq.), or a property owners' improvement district (A.C.A. 14-93-101 et seq.). I will therefore address the respective means of collecting delinquent assessments in these types of improvement districts. If, however, your question involves a different type of district, reference must be made to the specifically applicable Code provision(s).
The two Arkansas Code subchapters governing fire protection improvement districts are found at A.C.A. §§ 14-284-101 to -125 (entitled "Fire Protection Districts") and §§ 14-284-201 to -225 ("Fire Protection Districts Outside of Cities and Towns.")" The assessments collected in these districts are levied either as benefits against property within the district or as flat fees on the property, both of which are collected with property taxes. See A.C.A. §§ 14-284-108 and -112 (Repl. 1998), and14-284-212, -212(g), and -215 (Repl. 1998). With regard to the collection of unpaid assessments, the procedure is the same under both of these subchapters. The collector reports the delinquencies to the board of commissioners, the board adds a 10% penalty, and collection is enforced "by chancery proceedings in the chancery court in the county in the manner provided by §§ 14-121-426 to 14-121-432." See A.C.A. §§14-284-113(a)(2) and (b) and 14-284-216(b). The referenced Code sections, 14-121-426 to -432 (Repl. 1998), detail the requirements for proceeding in chancery court to obtain judgment for the amount of "taxes," i.e., assessments, in drainage improvement districts, including notice requirements and provisions governing the sale of land to satisfy the judgment. If applicable, these Code sections should be closely scrutinized to ensure that the proper procedures are followed.
With regard to suburban improvement districts, it appears that the procedure for collecting delinquent assessments will depend upon the particular district in question and any election it may have made under the relevant statutes. According to A.C.A. § 14-92-232 (Repl. 1998):
 (b) Delinquent suburban improvement district assessments shall be held by the county collector, and, if not redeemed, the assessments shall be certified to the Commissioner of State Lands for redemption or sale, pursuant to Act 626 of 1983, as amended.
 (c) A suburban improvement district may enforce collection of delinquent suburban improvement district assessments by chancery proceedings in the chancery court of the county in the manner as provided for municipal property owners' improvement districts under § 14-94-122.
As a general matter, therefore, delinquent assessments in suburban improvement districts are certified to the Commissioner of State Lands, unless the district has chosen to enforce collection by chancery proceedings pursuant to § 14-92-232 (c), in which case A.C.A. § 14-94-122
will govern the procedural requirements.
Arkansas Code Annotated §§ 14-92-601 to -603 (Repl. 1998) must, however, also be considered in this regard. These sections apply to suburban improvement districts "organized and existing pursuant to the provisions of § 14-92-201 et seq. with an area of not less than five thousand (5,000) acres and not more than seven thousand (7,000) acres." A.C.A. §14-92-601. Such districts are referred to as "eligible districts." Id.
These "eligible districts" may elect to collect their own assessments, in which case they will also be responsible for collecting delinquencies. A.C.A. §§ 14-92-602 and -603(a). Or, even if they have not elected to do their own collection,[1] they may nevertheless elect, by resolution, to collect their own assessments that have become delinquent. A.C.A. §14-92-603 (b). Under either of these scenarios where the "eligible district" is responsible for collecting delinquent assessments, enforcement is through chancery proceedings "in the manner provided by §§14-121-426 to 14-121-432." A.C.A. § 14-92-603 (d). Subsection (e) of §14-92-603 must, finally, be noted wherein it provides:
 (e) (1) Once a district makes the application to collect its own delinquent taxes, the election shall continue in effect until revoked.
 (2)(A) Revocation shall be by resolution of the board and the filing of certified copies thereof with the collector of each county in which any of the territory of the district is located.
The provisions governing collection of unpaid assessments in suburban improvement districts thus vary, depending upon the particular district involved and any election it may have made under the above Code sections.
With regard, finally, to property owners' improvement districts (see A.C.A. §§ 14-93-101 et seq.), delinquencies in such districts are collected through chancery court proceedings in accordance with A.C.A. §14-93-123 (Repl. 1998). This provision is similar to those noted above with respect to the required procedures, but should be referenced for the specific details if applicable.
In conclusion, therefore, it is my opinion that the procedure for collection of unpaid assessments in a fire improvement district will depend upon the particular district at issue. The procedures vary, according to the applicable statutory scheme. Local counsel should be consulted for a conclusive determination.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh
[1] These so-called "eligible districts" are the only ones with the option of collecting their own assessments. Ordinarily, the county tax collector is responsible for collecting suburban improvement district taxes (see A.C.A. § 14-92-230), with the exception of delinquencies as discussed above.